**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ANTHONY BALDWIN, | Case No. 1:25-cv-482 |
| Plaintiff, | Hopkins, J. |
| v. | Bowman, M.J. |
| JOHNNY COLE, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On July 11, 2025, Plaintiff, proceeding pro se, filed an application seeking to proceed *in forma pauperis*, together with a complaint that alleges employment discrimination against three individual defendants who appear to be associated with his former employer. Plaintiff has attached a copy of his EEOC Notice of his Right to Sue together with his complaint, which generally alleges disability discrimination.

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Analysis of Plaintiff's Complaint

Plaintiff's complaint should be dismissed for failure to state a plausible employment discrimination claim.

### A. Plaintiff's Allegations

Plaintiff's complaint begins by alleging that he was "compel[led] to walk off the job from my former employment" in September 2022 based on disability discrimination. (Doc. 1-1, PageID 5.) Plaintiff next alleges that on various dates in September and October 2022 as well as on January 11, 2023:

> [M]y worker's comp neck physician – Mr. John Ruch D.C. at Westbourne Dr., Cincinnati, Ohio 45248 Because of his deliberate unethical negligence on the above dates, by failing to equip me with the crucial and accurate handwritten documental [sic] reports this had severely compromised my claim and enable my former employers …. to impose disability discrimination aggressively at work and during my worker's comp proceedings.

(*Id*., PageID 5-6.) The undersigned construes this portion of the complaint as alleging that Plaintiff's chiropractor failed to provide Plaintiff with sufficient documentation of Plaintiff's worker's comp and/or disability limitations on the referenced dates. The referenced chiropractor is not a named defendant.

3

In a two-page handwritten attachment to the complaint form, Plaintiff includes the following additional allegations:

> On 10-5-2022 and 11-1-2022 my worker's comp attorney … because of his deliberate malpractice judgments prior to and during my worker's comp proceedings on 11-1-2022 were so extremely egregious that he had severely sabotage[d] my claim and enable[d] my former employer's [sic]…to perpetrate disability discrimination throughout my entire worker's comp dilemma.
>
> On 11-20-2022, VI-Cas Chief Administrator Mrs. Pon Insyxiengmay, Plant Manager Jr. Johnny Cole and Senior Office Supervisor Mr. Robert Wagner Jr. purposely submitted a 90% deceitfully false and misleading 2 page employer's position statement to the U.S. Equal Employment Opportunity Commissions and Ohio Industrial Commission.
>
> On 3-29-2023 VI-Cas….[Defendants Insyxiengmay, Cole and Wagner] discharged my employment because of my disability….
>
> On 1-11-2023 my new worker's comp attorney Mr. Thomas M. Farrell Jr. during 2 of my worker's comp hearing on 12-14-2022 and 1-11-2023 because of his unethical misconduct and ineffectiveness of counsel … severely compromised my claim and enable[d] my former employer's [sic] … to continue to impose disability discrimination upon me.
>
> On 1-11-2023 before me and the VI-Cas Plant Manager …enter the Worker's Comp hearing room he had solicited me with an [undeniable] and lucrative financial proposition which to me (implied we are waiting for you to come back to work A.S.A.P.) Before, the hearing had concluded the plant manager had transparent foreknowledge that my intentions were to be rehired at VI-Cas….
>
> On 1-12-2023 I was [reassured] that I would be rehired at VI-Cas… by the VI-Cas Senior Office Supervisor [Wagner]… after he had thoroughly examined my new reentry to work status report that I physically handed him on the (above) date.
>
> On 1-11-2023 up until 3-27-2023 I [made] over 10 genuine attempt occurrences (by means of) to regain my employment at VI-Cas… and was still denied because of my disability deficiency.
>
> On 2-28-2025 I phoned the Chief Administrator [Insyxiengmay] … at VI-Cas… regarding my stock/shares distribution which was suppose[d] to be process[ed] by the end of 2024. During that conversation she said that checks will be mailed on 3-31-2025. On 3-25-2025 I received a e-mail from

her stating that she had no control when my check will be paid. I sincerely believe her refusal to pay my stock distribution is retaliatory/retribution for the filing a lawsuit on 9-23-2023, with the [EEOC].

(Doc. 1-1, PageID 8-9.)

In addition to the foregoing allegations, Plaintiff has included a copy of a September 27, 2023 EEOC Charge filed against his former employer, VI-Cas Manufacturing Co., Inc. (Doc. 1-1, PageID 12.) In that Charge, plaintiff alleges that he was wrongfully terminated on March 30, 2023 because of his disability, despite having previously been assured that his disability would not disqualify him from returning to work.

The EEOC issued a Notice of the Right to Sue on April 16, 2025, and Plaintiff initiated this lawsuit on July 11, 2025. In addition to the copy of his Notice of Right to Sue, Plaintiff has included email from the EEOC Investigator that states in relevant part as follows:

> We have completed a review of the information provided by you and Respondent [employer]. Respondent believes that the Injection Mold Operator position met your restrictions. The Ohio Industrial Commission hearing officer responsible for adjudicating your worker's compensation claim agreed that the work was made available that fit your physical capabilities. Respondent discharged you after not working for over six months with no expected return.
>
> I am recommending that we discontinue the investigation and issue you the "Notice of Right to Sue" [which]….gives you the ability to file a lawsuit in federal court….

(Doc. 1-1, PageID 10.)

Based on the above allegations including but not limited to the documentary exhibits included with the complaint, the undersigned reasonably construes Plaintiff as alleging the following two claims: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA") based on the refusal to rehire Plaintiff following a Worker's

Compensation hearing in January 2023, and/or his subsequent termination from employment in March 2023; (2) a retaliatory refusal to pay Plaintiff a stock distribution in March 2025 based on Plaintiff's filing of an EEOC Charge in September 2023.

### B. Plaintiff's Allegations Fail to State a Plausible Discrimination Claim

In order to state a plausible claim of employment discrimination, Plaintiff need not plead every element of his prima facie case or satisfy the *McDonnell Douglas*[1] burden-shifting standard. *See generally Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992, 999, 534 U.S. 506, 510-511 (2002). But a plaintiff's complaint still must comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement to make "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 512 (holding that an employment discrimination complaint satisfies Rule 8 when it alleges wrongful termination and contains sufficient details to provide the defendant employer with fair notice of what the claims are "and the grounds upon which they rest); *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (an employment discrimination complaint must allege "sufficient 'factual content' from which a court can 'draw the reasonable inference' that the employer 'discriminate[d] against [Keys] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin.'") (additional citation omitted).

The Americans with Disabilities Act prohibits employment discrimination against individuals with either an actual disability that limits one or more major life activities or is perceived as so impaired. *See Southall v. Ford Motor Company*, 645 F.Supp.3d 826, 834 (S.D. Ohio, 2022). In the case presented, Plaintiff's complaint fails to meet the Rule 8

---

[1] See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),

6

standard because it contains only conclusory allegations that lack the type of basic "factual content" from which this Court can reasonably infer that any of the named Defendants can be held liable for employment discrimination under the ADA.

### 1. Only an Employer is Liable for Discrimination

One of the most obvious deficiencies of the complaint is its identity of the defendants.[2] The ADA imposes liability only upon an "employer." Although Plaintiff properly identifies his former employer in his EEOC Charge, he has not named that employer in this lawsuit. Instead, Plaintiff seeks to impose liability upon three individual supervisory employees of his former employer: (1) the Plant Manager; (2) the Chief Administrator; and (3) the Senior Office Supervisor.

Individual liability in not available under the ADA against other employees of a covered employer. *See Ford v. Frame*, 3 Fed. Appx. 316, 318 (6th Cir. 2001) (citations omitted); *see also Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("[I]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997) (holding that individual liability is prohibited under Title VII and similar statutory schemes, such as the ADEA and the ADA) (collecting cases); *see also Primm v. Department of Human Services*, No. 16-6837, 2017 WL 10646487, at *4 (6th Cir. Aug. 17, 2017) (affirming sua sponte dismissal of employment discrimination complaint filed against individuals). Therefore, Plaintiff's complaint fails to state a federal ADA claim against any of the named Defendants.

---

[2]Some of Plaintiff's allegations are against the attorneys who previously represented him in worker's compensation proceedings. Plaintiff accuses the first attorney who represented him of "deliberate malpractice," and the second attorney of "unethical misconduct and ineffectiveness of counsel." (Doc. 1-1, PageID 8.) But neither attorney is named as a part to this lawsuit.

### 2. Plaintiff Fails to Plead a Plausible Discrimination Claim

To state a claim of discrimination under the ADA, a plaintiff "must plead facts that make plausible the inference that (1) [he] is disabled, (2) [he] is qualified to perform [his] job requirements with or without reasonable accommodation, and (3) [he] would not have been discharged but for the disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (additional citations omitted). Plaintiff need not plead each element of a prima facia ADA claim to survive the initial screen but is still required to satisfy Rule 8 pleading standards. *Fedder v. CEMS of Ohio, Inc.*, No. 24-3028, 2024 WL 5319224, at *4 (6th Cir. Nov. 6, 2024). Here, Plaintiff's allegation that he was either not rehired or was wrongfully terminated satisfies the third element – that he suffered an "adverse action." *Southall*, 645 F.Supp.3d at 835. Plaintiff's minimal allegations, however, fall short of plausibly alleging either of the first two elements of his claim.

Consider the element of disability. The undersigned infers that at some point prior to 2023, Plaintiff suffered a work-related physical injury that led to a worker's compensation claim. Plaintiff refers to his injury as a "disability deficiency." But Plaintiff never identifies the nature of his injury or "disability" other than a brief reference to the alleged negligence of his "neck physician," identified as a chiropractor. In other words, the complaint does not reasonably include any facts that would indicate whether the alleged injury "substantially limits one or more major life activities" within the meaning of the Americans with Disabilities Act for a sufficient period of time so as to qualify as a disability. *Cf. Bedford v. Michigan*, 722 Fed. Appx. 515, 518 (6th Cir. 2018); 29 C.F.R. § 1630.2(g) (defining "disability" as "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual").

But even if the Court were to accept at face value that Plaintiff has some type of unspecified "disability," his complaint falls short of plausibly alleging the second element of an ADA claim – that he was *qualified* to perform some new position with his former employer, or that he was wrongfully terminated because he continued to be able to perform his former position with or without reasonable accommodation. Plaintiff never identifies the position from which he was terminated. He also does not identify any position to which he applied to regain new employment. The only reference to any position at all is contained in the attached email to Plaintiff from an EEOC investigator, advising Plaintiff of the closure of the EEOC investigation. In the email, the investigator refers to an "Injection Mold Operator position" that (per the Investigator) Plaintiff's employer apparently believed "met your restrictions." The email does not specify whether that position was a new position for which plaintiff was applying or his old position, or what "restrictions" the position accommodated.

As best as the undersigned can determine, Plaintiff alleges an ADA claim based on his former employer's failure to recognize that he was qualified to perform some unspecified position of employment. But Plaintiff's failure to identify what position that was, or whether he needed any reasonable accommodation in order to perform the duties of the position, amounts to a failure to provide the Defendants with sufficient notice of his claim. *See*, *e.g.*, *Randolph v. Bath & Body Works, Inc*., No. 2:25-cv-284-MHW, 2025 WL 1700906, at *4 (S.D. Ohio June 18, 2025) (dismissing for failure to state a disability claim at screening stage where plaintiff failed to identify his employment position, "let alone allege any of the fundamental job duties of the position," or "what reasonable accommodation he requested or that he could perform the essential functions of the job

9

with said reasonable accommodation."); *Clark v. Kidz Planet*, No. 2:23-cv-4207-ALM-KAJ, 2024 WL 5036964, at *4 (S.D. Ohio Jan. 25, 2024) (report and recommendation recommending dismissal of disability and retaliation claims at screening stage).

### C. Plaintiff Fails to Plead a Plausible Retaliation Claim

Plaintiff's allegations also are insufficient to state a retaliation claim as a matter of law. Plaintiff alleges that on February 28, 2025, he had a telephone call with the Chief Administrator for his former company:

> regarding my stock/shares distribution which was suppose[d] to be process[ed] by the end of 2024. During that conversation she said that checks will be mailed on 3-31-2025. On 3-25-2025 I received [an] e-mail from her stating that she had no control when my check will be paid. I sincerely believe her refusal to pay my stock distribution is retaliatory/retribution for the filing a lawsuit on 9-23-2023, with the [EEOC].

(Doc. 1-1, PageID 9.)

Plaintiff offers no factual allegations to support his asserted belief that the Chief Administrator's "refusal to pay my stock distribution is retaliatory/retribution" for Plaintiff's filing of an EEOC Charge in September 2023. "[T]emporal proximity, standing alone, is not enough to establish a causal connection for a retaliation claim." *Spengler v. Worthington Cylinders,* 615 F.3d 481, 494 (6th Cir.2010)) (additional citation omitted). The alleged temporal span of eighteen months between the date the Charge was filed and the date of the Administrator's email in this case is not particularly short. In the absence of any allegations through which this Court can infer a causal connection, Plaintiff's retaliation claim is overly conclusory. Along the same lines, Plaintiff's suggestion that the email constitutes some sort of adverse retaliatory action is unsupported, because the only fact he has alleged is that the Administrator advised him that "she had no control"

10

over *when* his check would issue – not that she was refusing or even delaying his any payment that is owed.

### III. Conclusion and Recommendation

Plaintiff's complaint fails to state a claim. Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. **IT IS FURTHER RECOMMENDED THAT** dismissal be without prejudice to Plaintiff's ability to file an amended complaint within thirty (30) days of the date of this Report and Recommendation. If Plaintiff tenders an amended complaint, his claims may once again be screened pursuant to 28 U.S.C. §1915(e)(2)(B). Otherwise, the case should be dismissed in its entirety and closed.

                                        *s/Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Chief Magistrate Judge