**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTHONY BALDWIN,                                             Case No. 1:25-cv-482

        Plaintiff,                                             Hopkins, J.
                                                            Bowman, M.J.
        v.


JOHNNY COLE, et al.,

        Defendants.


**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On July 11, 2025, Plaintiff, proceeding pro se, filed an application seeking to proceed *in forma pauperis*, together with a complaint that alleges employment discrimination against three individual defendants associated with his former employer. Plaintiff attached a copy of his EEOC Notice of his Right to Sue together with his complaint, which generally alleges disability discrimination. On July 28, 2025, the undersigned screened Plaintiff's initial complaint under 28 U.S.C. § 1915(e)(2)(B) and recommended sua sponte dismissal. The July 28 Report and Recommendation ("R&R") explained that the recommended dismissal was without prejudice to Plaintiff's ability to file an amended complaint within thirty (30) days in an effort to cure the specific defects identified in his complaint.[1]

On August 29, 2025, Plaintiff filed an amended complaint, which the undersigned has now rescreened under 28 U.S.C. § 1915(e)(2)(B). For many of the same reasons as

---

[1]The original R&R has yet to be ruled upon by the presiding district judge. While its reasoning remains sound with respect to Plaintiff's original complaint, the amended complaint is now the operative pleading. By separate order, therefore, the undersigned has withdrawn the prior R&R as moot.

stated in the prior R&R, the undersigned recommends sua sponte dismissal of Plaintiff's first amended complaint. Pro se plaintiffs are not permitted to endlessly amend their complaints in hopes of stating a claim. Because Plaintiff's recently amended complaint fails to cure the previously identified deficiencies in his claims, the undersigned now recommends dismissal of the amended complaint with prejudice.

## I.  General Screening Authority

Plaintiff's amended complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

2

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II.    Analysis of Plaintiff's Amended Complaint

Plaintiff's amended complaint names fewer defendants and contains fewer claims than his original complaint. But it still fails to state a plausible claim as a matter of law. Therefore, the undersigned again recommends dismissal.

### A. Plaintiff's Allegations

Plaintiff's original complaint alleged in part that he was "compel[led] to walk off the job from my former employment" in September 2022 based on disability discrimination. (Doc. 1-1, PageID 5.) Plaintiff's amended complaint contains essentially the same allegations, but has pared down the number of defendants to a single individual, Plant Manager Johnny Cole. On the form used for his amended complaint, Plaintiff alleges:

> The primary reason I was compel to walk off my employment at VI-Cas Manufacturing Co. Inc on 9-1-2022 was a direct result of my Plant Manager, Mr. Johnny Cole [repetitious] di[s]ability discrimination on these 4 dates (8-26-2022) (8-29-2022) (8-30-2022) and (9-1-2022) when he did verbally harass and humiliate me in front of other co-workers – threaten me with job lost if I refuse to succumb to the unreasonable and non-negotiable ultimatums. He arrogantly refuse to comply with my worker comp doctor's light duty restrictions states orders – and he arrogantly refuse to keep his own verbal agreement that he made with me on two dates 8-18-2022 and 8-25-2022 which was to provide me with sufficient time to retrieve a new light duty status report from my worker's comp doctors.

(Doc. 5, PageID 63-64) (minimally edited for legibility.) The undersigned construes this portion of the complaint as alleging that Mr. Cole failed to accommodate Plaintiff's worker's comp and/or disability limitations on the referenced dates.

Attached to the amended complaint form are 29 pages of exhibits: a Notice of Right to Sue (Doc. 5, PageID 65), a copy of a February 7, 2023 Ohio Bureau of Workers' Compensation ("BWC") decision advising Plaintiff that he had been overpaid benefits to which he was not entitled (*id.*, PageID 66-67), a copy of Plaintiff's EEOC charge of employment discrimination (*id.*, PageID 68), a handwritten attachment to the complaint form (*id.*, PageID 69-77), three workforce evaluation status reports dated August and September 2022 (*id.*, PageID 78-80), a November 20, 2023 "position statement" from his employer's attorney regarding his EEOC charge (*id.*, PageID 81-82), copies of Feb-April

4

2022 check stubs (*id.*, PageID 83-88), a June 6, 2022 Ohio Industrial Commission ("OIC")

Record of Proceedings (*id.*, PageID 89-90), and a November 1, 2022 OIC Record (*id*.,

PageID 91-94).

Some of the referenced exhibits (though not all) illuminate the nature of Plaintiff's

federal claims in this Court. For example, in the September 2023 EEOC Charge filed

against his former employer, VI-Cas Manufacturing Co., Inc., Plaintiff alleges that he was

wrongfully terminated on March 30, 2023 because of his disability, despite having

previously been assured that his disability would not disqualify him from returning to work.

(*Id*., PageID 68.) On April 16, 2025, the EEOC issued a Notice of Right to Sue regarding

the same EEOC Charge for unlawful termination. (*Id.*, PageID 65.)

The handwritten attachment to the complaint form dated August 29, 2025, (*see id*.,

PageID 69-77), provides additional context. In that exhibit, Plaintiff alleges that he injured

his neck in February 2022 while working on a mole injection machine, and sought a light

duty assignment following that injury. Plaintiff further alleges that on multiple dates in

August 2022, Plant Manager Cole directed him to return to work on the mole injection

machine, which Plaintiff believed to violate his doctor's light duty restrictions. Plaintiff

provided an updated work status report to Defendant Cole on August 31, 2022. On

September 1, 2022, Defendant Cole allegedly again told Plaintiff to return to work on the

mole injection machine, so Plaintiff walked off the job.

Plaintiff alleges that a result of misleading statements by his workers'

compensation physician, Plaintiff's neck injury was documented – at least in part - as a

pre-existing condition, causing BWC to issue an order that he had been overpaid for his

temporary total disability.[2] (*See id*., PageID 73-74.) Plaintiff further alleges that *Defendant Cole* "submitted a 90% deceitfully false and maliciously misleading 2 page employment position statement to defraud" both the EEOC and the Ohio Industrial Commission in response to Plaintiff's EEOC charge. (*Id*., PageID 75.) The "position statement" letter to which Plaintiff refers is not signed by Defendant Cole but appears to have been authored by counsel for Plaintiff's former employer. The letter represents the employer's response to Plaintiff's formal Charge of Discrimination. (*Id*., PageID 81-82.)

Based on the above allegations including but not limited to the documentary exhibits included with the complaint, the undersigned reasonably construes Plaintiff as alleging the following claim: disability discrimination in violation of the Americans with Disabilities Act ("ADA") based on Defendant Cole's instruction to Plaintiff to return to work in a position that Plaintiff believed did not reasonably accommodate his neck injury, and/or refusal to permit Plaintiff to submit additional medical evidence of his limitations, possibly leading to the termination in March 2023.[3]

### B. Plaintiff's Allegations Fail to State a Plausible Discrimination Claim

In order to state a plausible claim of employment discrimination, Plaintiff need not plead every element of his prima facie case or satisfy the *McDonnell Douglas*[4] burden-shifting standard. *See generally Swierkiewicz v. Sorema N.A*., 122 S.Ct. 992, 999, 534 U.S. 506, 510-511 (2002). But a plaintiff's complaint still must comply with Federal Rule

---

[2]Plaintiff also accuses his former workers' compensation attorney of "gross malpractice" insofar as his actions allegedly led to some portion of Plaintiff's neck injury being recategorized as a pre-existing injury. (*Id*., PageID 77.)

[3]In comparison to his original complaint, Plaintiff's amended complaint omits two individual defendants as well as a previously construed claim that one of the individuals retaliated against Plaintiff by refusing to pay him a stock distribution in March 2025 based on Plaintiff's filing of an EEOC Charge in September 2023. The amended complaint also significantly reframes Plaintiff's disability discrimination claim to focus more on the events of August-September 2022 rather than the March 2023 termination.

[4]See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),

of Civil Procedure 8(a)(2)'s requirement to make "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 512 (holding that an employment discrimination complaint satisfies Rule 8 when it alleges wrongful termination and contains sufficient details to provide the defendant employer with fair notice of what the claims are "and the grounds upon which they rest); *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (an employment discrimination complaint must allege "sufficient 'factual content' from which a court can 'draw the reasonable inference' that the employer 'discriminate[d] against [Keys] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin.'") (additional citation omitted).

The Americans with Disabilities Act prohibits employment discrimination against individuals with either an actual disability that limits one or more major life activities or is perceived as so impaired. *See Southall v. Ford Motor Company*, 645 F.Supp.3d 826, 834 (S.D. Ohio, 2022). In the case presented, Plaintiff's complaint fails to meet the Rule 8 standard because it contains only conclusory allegations that lack the type of basic "factual content" from which this Court can reasonably infer that the named Defendant can be held liable for employment discrimination under the ADA.

### 1. Only an Employer is Liable for Discrimination

The most obvious deficiency is Plaintiff's identity of the defendant. The ADA imposes liability only upon an "employer." Although Plaintiff properly identifies his former employer in his EEOC Charge, he has not named that employer in this lawsuit. Instead, Plaintiff seeks to impose liability solely upon an individual supervisory employee - the Plant Manager. But as explained in the prior R&R with respect to Plaintiff's original

complaint, individual liability is not available under the ADA against other employees of a covered employer. *See Ford v. Frame*, 3 Fed. Appx. 316, 318 (6th Cir. 2001) (citations omitted); *see also Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("[I]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997) (holding that individual liability is prohibited under Title VII and similar statutory schemes, such as the ADEA and the ADA) (collecting cases); *see also Primm v. Department of Human Services*, No. 16-6837, 2017 WL 10646487, at *4 (6th Cir. Aug. 17, 2017) (affirming sua sponte dismissal of employment discrimination complaint filed against individuals). Therefore, Plaintiff's complaint fails to state a federal ADA claim against the sole named Defendant.

## 2. Plaintiff Fails to Plead a Plausible Discrimination Claim

To state a claim of discrimination under the ADA, a plaintiff "must plead facts that make plausible the inference that (1) [he] is disabled, (2) [he] is qualified to perform [his] job requirements with or without reasonable accommodation, and (3) [he] would not have been discharged but for the disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (additional citations omitted). Plaintiff need not plead each element of a prima facia ADA claim to survive the initial screen but is still required to satisfy Rule 8 pleading standards. *Fedder v. CEMS of Ohio, Inc.*, No. 24-3028, 2024 WL 5319224, at *4 (6th Cir. Nov. 6, 2024). Here, Plaintiff's liberally construed allegation that he was "compel[led] to walk off" the job on September 1, 2022 and/or was later wrongfully terminated satisfies the third element – that he suffered an "adverse action." *Southall*, 645 F.Supp.3d at 835.

Plaintiff's minimal allegations, however, fall short of plausibly alleging either of the first two elements of his claim.

Consider the element of disability. Plaintiff has alleged that he suffered a work-related physical injury to his neck in February 2022 that led to a worker's compensation claim. Plaintiff variously identifies his neck injury as an annular tear, a pinched nerve, or nerve entrapment. (*Id.*, PageID 73.) But the complaint does not reasonably include any facts that would indicate whether the alleged neck injury "substantially limits one or more major life activities" within the meaning of the Americans with Disabilities Act for a sufficient period of time so as to qualify as a disability. *Cf. Bedford v. Michigan*, 722 Fed. Appx. 515, 518 (6th Cir. 2018); 29 C.F.R. § 1630.2(g) (defining "disability" as "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual").

And even if the Court were to accept at face value that Plaintiff has some type of unspecified "disability," his amended complaint still falls short of plausibly alleging the second element of an ADA claim – that he was *qualified* to perform some new position with his former employer. The amended complaint focuses on the events leading up to Plaintiff walking off the job on September 1, 2022, largely omitting the references in his original complaint to events surrounding his subsequent termination in March 2023. In other words, Plaintiff's amended complaint is based on his employer's alleged instruction to return to a position that Plaintiff alleges that he was *not qualified to physically perform* in August or September 2022, with barely any reference to his subsequent termination in March 2023. In contrast, Plaintiff's EEOC Charge and Right to Sue Notice concern his

9

allegedly discriminatory termination in March 2023.[5]

Despite the notable differences in the focus of his original complaint, however, Plaintiff's amended complaint still fails to identify precisely what position he was actually qualified to perform and should have been offered, or what reasonable accommodation could have been offered but was not. Even if Plaintiff had sued the proper defendant, the referenced omission amounts to an additional defect that fails to provide sufficient notice of his claim. *See*, *e.g.*, *Randolph v. Bath & Body Works, Inc.*, No. 2:25-cv-284-MHW, 2025 WL 1700906, at *4 (S.D. Ohio June 18, 2025) (dismissing for failure to state a disability claim at screening stage where plaintiff failed to identify his employment position, "let alone allege any of the fundamental job duties of the position," or "what reasonable accommodation he requested or that he could perform the essential functions of the job with said reasonable accommodation."); *Clark v. Kidz Planet*, No. 2:23-cv-4207-ALM-KAJ, 2024 WL 5036964, at *4 (S.D. Ohio Jan. 25, 2024) (report and recommendation recommending dismissal of disability and retaliation claims at screening stage).

### III.    Conclusion and Recommendation

Like his original complaint, Plaintiff's amended complaint once again fails to state any plausible claim. Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's amended complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

 s/Stephanie K. Bowman
Stephanie K. Bowman
United States Chief Magistrate Judge

---

[5]Neither Plaintiff's initial complaint nor his amended complaint identify the position from which he was terminated in March 2023. Additionally, Plaintiff's original and amended pleadings fail to identify any position for which Plaintiff was qualified, and requested a reasonable accommodation, but was denied, at any time between September 1, 2022 and March 2023.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTHONY BALDWIN,                                              Case No. 1:25-cv-482

           Plaintiff,                                   Hopkins, J.
                                                              Bowman, M.J.
    v.


JOHNNY COLE, et al.,

           Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).